INHABITANTS OF SCHOOL DISTRICT No. 1 IN JACKSON *versus* SILAS STEARNS & *als.*

The vote of a town to divide a school district, is unauthorized and void, where there had been no written statement of the facts submitted by the selectmen, as the statute requires.

ON REPORT from *Nisi Prius*, GOODENOW, J., presiding.

TRESPASS *quare clausum*, and an asportation of a school-house alleged to belong to the plaintiffs.

It appears from the report, and from the records of the town and the school district, which were made a part of the case, *that* a school district had existed in the town of Jackson for nearly fifty years; *that* the town voted to divide the district, without a written statement of facts, required by the statute; *that*, afterwards, the northern part of the district organized by the election of officers, while the southerly part of the district treated the action of the town as unauthorized and void, voted to remove the school-house to a location beyond the limits of the district, attempted to be formed by the town, and authorized the defendants, as a committee, to remove it. The defendants removed it accordingly. *That* the north district, thereupon, voted to commence an action against the other district. This action was then brought against the defendants, who acted under the authority of the vote already stated, in the removal of the house.

The case was withdrawn from the jury, upon the request of the parties that it should be reported by the presiding Judge, for the decision of the full Court, who were authorized to draw inferences as a jury might, and render judgment on nonsuit or default, as the legal rights of the parties should be determined.

The case was argued upon the report, and such of the papers, which made part of the case, as were produced at the hearing, by

*Dickerson*, for the plaintiffs, and by

*N. Abbott*, for the defendants.

The opinion of the Court was drawn up by

CUTTING, J.— There can be no question that the attempt on the part of the town to divide the district proved abortive. It is now so conceded by the counsel of both parties, and the old district still remains an integer, and was such when the north half attempted to authorize their agent to prosecute the south half for removing the school-house; instead of which, he has commenced this action against certain individuals, alleging in one count a trespass *quare clausum fregit*, and an asportation of the house, in aggravation. The writ, pleadings and specifications were made a part of the case; of which only the copy of the writ now appears. Consequently, what was admitted or denied is uncertain. By the report we are authorized to decide from what does, and not from what does not appear, except by legal inferences.

There is no proof that the plaintiffs ever owned a foot of land, or that the defendants ever invaded their soil; and we might as well infer that the house was located on the defendants' as the plaintiffs' close, in the highway, or on land of a non-resident proprietor. All we can infer is, that the house was, and still is within the limits of the district; that all the records are imperfect and the district disorganized.

*Plaintiffs nonsuit.*

TENNEY, C. J., RICE, APPLETON, MAY and KENT, JJ., concurred.